CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 26 2014

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JULIA E. SOUTER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 5:13cv00061 |
| | ) |
| v. | ) |
| | ) |
| COUNTY OF WARREN, | ) By: Hon. Michael F. Urbanski |
| *a Political Subdivision of Virginia*, et al., | ) United States District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on defendants' motion to dismiss for failure to state a claim (Dkt. No. 9). The motion was referred to the Honorable James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition of the motion. On February 18, 2014, the Magistrate Judge issued a Report and Recommendation recommending that defendants' motion be granted. (Dkt. No. 32). Plaintiff filed objections on March 7, 2014. (Dkt. No. 33).

The court has reviewed the Report and Recommendation and plaintiff's objections thereto. For the reasons set forth below, the Report and Recommendation will be adopted in part and rejected in part, and this case will be dismissed with prejudice.

I.

Julia Souter, proceeding *pro se*, brought this action by filing a "motion for judgment" requesting that this court (1) declare certain provision of Warren County's zoning ordinance "unconstitutional as written" (2) "stay any and all actions pending under these statutes." (Compl., Dkt. No. 3, at 3). She also seeks monetary damages against the County, its Board of

Supervisors, and a number of its officials. This litigation is but one chapter in Souter's long and ongoing campaign to resist Warren County's efforts to enforce its zoning ordinance regarding the accumulation of refuse at her property. In their memorandum in support of their motion to dismiss, defendants set forth numerous reasons which they contend warrant dismissal. (Dkt. No. 10). Each of these arguments was adopted by the Magistrate Judge in separate discussion sections of his Report and Recommendation. The court will adopt in part and reject in part these sections as set forth below.

First, Section V-A concludes that the any claims against the five named county officials are barred by the doctrine of qualified immunity. The court adopts this section to the extent it refers to Souter's monetary claims.

Second, the first Section V-B (Report and Recommendation, Dkt. No. 32, at 13-14), concludes that Souter has failed to plead any facts which establish "a policy or custom" of the County that violates any constitutionally protected right and thus has not stated a claim against the County under 42 U.S.C. § 1983. The court adopts this section to the extent it refers to Souter's monetary claims.

Third, the second Section V-B, (Report and Recommendation, Dkt. No. 32, at 15-16), concludes that this action is "an effort to obtain federal court review of a series of adverse zoning enforcement decisions by the Warren County Circuit Court." Id. at 16. This is an accurate characterization of Souter's request for an injunction staying "any and all actions pending under these statutes." (Compl., Dkt. No. 3, at 3). The Magistrate Judge correctly concluded that such a challenge is effectively an appeal of a state court decision and thus barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker-Feldman doctrine . . . is confined to . . . cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

There remains, however, Souter's separate and distinct claim that the zoning ordinance provisions are "unconstitutional as written." (Compl., Dkt. No. 3, at 3). "[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Skinner v. Switzer, 131 S. Ct. 1289, 1298 (2011). Souter's challenge of the zoning ordinance provisions clearly falls within the latter category. This element of Souter's claim does not challenge the state court rulings themselves; instead, she targets as unconstitutional the zoning ordinance provisions the state court interpreted. Cf. id. ("Skinner does not challenge the adverse CCA decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed."). Such claims are emphatically not barred by Rooker-Feldman. To be sure, there may be issues of preclusion. But "Rooker-Feldman is not simply preclusion by another name." Id. at 1298 n.11 (quoting Lance v. Dennis, 546 U.S. 459, 466 (2006) (per curiam)); see also Saudi Basic, 544 U.S. at 284 ("Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."). In short, Souter's constitutional challenge of the zoning ordinance provisions themselves does not fall within the extremely narrow jurisdictional confines of Rooker-Feldman. To the extent the Report and Recommendation concludes otherwise, the court rejects it.

Fourth, Section V-C concludes that any claim of Souter's against individual defendants in initiating and advancing the zoning law enforcement action against her are foreclosed by

3

absolute prosecutorial immunity. The court adopts this section to the extent it refers to Souter's monetary claims.

Fifth, Section V-D concludes that the Younger doctrine of abstention bars Souter's claims. As the Magistrate Judge correctly noted,

> the Younger v. Harris doctrine holds that a federal court should abstain from interfering in a state proceeding, even though it has jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.

(Report and Recommendation, Dkt. No.32, at 18) (citing Moore v. City of Asheville, N.C., 396 F.3d 385, 390 (4th Cir. 2005)). The Magistrate Judge likewise correctly found that each of these three factors is present here. Of particular significance is the Magistrate Judge's conclusion that

> by providing the plaintiff with all relevant procedural and substantive protections, including notice, an opportunity to respond, a contested hearing before a state court of general jurisdiction and multiple opportunities to rectify her non-compliance, she was provide more than an adequate opportunity for the plaintiff to raise the federal constitutional claim she seeks to advance in this federal lawsuit.

Id. (internal quotation marks omitted) (citing Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008)); see also Shore Bank v. Harvard, 934 F. Supp. 2d 827, 841 (E.D. Va. 2013) (citing Employers Res. Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1135 (4th Cir. 1995)) ("[S]tate courts are as capable as federal courts in deciding federal and constitutional issues.").[1]

The court adopts this portion of the Report and Recommendation *in toto*.

Because the court has concluded, through the adopted portions of the Report and Recommendation as set forth above, that Souter's monetary claims are foreclosed by various

---

[1] Indeed, such a constitutional challenge may have already been addressed by the State court – but again, this would raise a separate issue of preclusion.

4

immunities, that her request for a stay of the state court's orders is barred by the <u>Rooker-Feldman</u> doctrine, and that her claim that the zoning ordinance provisions are unconstitutional is properly dismissed under the <u>Younger</u> abstention doctrine, it need not address the Report and Recommendation's conclusions in Sections V-E and V-F. These adopted portions of the Report and Recommendation are sufficient grounds on which to conclude that this matter should be dismissed.

## II.

Souter's objections do not provide any grounds for rejecting the Magistrate Judge's recommendation that this matter be dismissed. Much of her sixteen page pleading devotes itself to diatribes against perceived slights from various officials – including Judge Welsh himself – or simply restates arguments made time and time again in various other pleadings and hearings in this long saga regarding her property and the County's efforts to ensure that it be cleaned of refuse. These portions of her objections provide no basis for rejecting or modifying any element of the Magistrate Judge's decision.

The court can discern, however, one specific objection to the Magistrate Judge's Report and Recommendation: that it was issued without Souter having the benefit of counsel. (<u>See</u> Objections to Report and Recommendation, Dkt. No. 33, at 1, 15). Souter specifically asserts that she is entitled to court-appointed counsel in this civil suit "under the unenumerated Rights of the 9th and 10th Amendments," and that the court erred in failing to either appoint her counsel or to stay these proceeding until she was able acquire an attorney. <u>Id.</u> at 15.

This objection is without merit. No court has ever concluded that an indigent *pro se* litigant in a civil case has a constitutional right to court-appointed counsel. Indeed, the Fourth Circuit has held just the opposite. <u>Lowery v. Bennett</u>, 492 F. App'x 405, 411 (4th Cir. 2012) (per

5

curiam) (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989)) ("The Constitution does not compel the appointment of counsel in civil cases."). It is true that the court has the statutory authority under 28 U.S.C. § 1915(e)(1) to request – but not compel – an attorney to represent a person unable to afford counsel. But courts are instructed to exercise this power "only in exceptional circumstances." Lowery, 492 F. App'x at 411 (citing Yuam, 739 F.2d at 163). Moreover, it has long been the practice of district courts in this Circuit to first determine that the indigent litigant's claims have "some merit in fact and law" prior to exercising their discretion under § 1915(e)(1). Spears v. U. S., 266 F. Supp. 22, 25-26 (S.D.W. Va. 1967) (collecting authorities). As the adopted portions of the Report and Recommendation make clear, such merit is lacking here. The Report and Recommendation is therefore not fatally flawed due to Souter's lack of counsel.

### III.

For these reasons, Souter has failed to state a claim on which relief can be granted. As such, an Order will be entered adopting the Report and Recommendation in part, rejecting it in part, and dismissing this action with prejudice.

The clerk is directed to send a copy of this Memorandum Opinion to the *pro se* plaintiff and to all counsel of record.

Entered: March 26, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge