**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **JULIA E. SOUTER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 5:13cv00061** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COUNTY OF WARREN,** | ) | **By: Hon. Michael F. Urbanski** |
| *a Political Subdivision of Virginia*, <u>et</u> <u>al.</u>, | ) | **United States District Judge** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on the motion of the pro se plaintiff Julia E. Souter ("Souter").  Dkt. No. 37.  Souter styles her pleading as "objections to final order and clarification thereof."  The court will construe the pleading as a motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]  For the reasons stated herein, the motion will be denied.

### I.

As noted in the court's Memorandum Opinion of March 26, 2014, this litigation is but one chapter in the long running dispute between Souter and Warren County over the County's efforts to enforce its zoning ordinance regarding the accumulation of refuse at her property.  Souter maintains that the County's actions are illegal.  In this action brought pursuant to 42 U.S.C. § 1983, Souter sought a declaration that certain provisions of Warren County's zoning ordinance were

---

[1] The Fourth Circuit has held that "if a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."  <u>Dove v. CODESCO</u>, 569 F.2d 807, 809 (4th Cir. 1978) (citation omitted); <u>see also</u> <u>MLC Automotive, LLC v. Town of Southern Pines</u>, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting <u>CODESCO</u> continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4).  As such, because Souter filed her pleading within 28 days of the court's order adopting in part the report and recommendation of the magistrate judge and dismissing the case, the court construes it as a Rule 59(e) motion.

"unconstitutional as written," a stay of "any and all actions pending under these statutes," and monetary damages against the County, its Board of Supervisors, and a number of its officials. The court dismissed these claims for the reasons set forth in its Memorandum Opinion of March 26, 2014, and Souter filed her Rule 59(e) motion – her "objections" – on April 14, 2014.

At the outset, it must be noted that Souter's most recent pleading primarily consists of a blistering, stream-of-conscious polemic against various individuals and entities she strongly believes have wronged her, including her neighbors and certain County officials. Nevertheless, Souter's pleading does make clear that she strongly believes that she has a right to court appointed counsel in this matter and that she is asserting that this court erred in holding otherwise.[2] Specifically, Souter "claims that [she] and ALL Persons in the United States and its area of Authority have the Right to Counsel in all CIVIL cases and if I/WE are too poor to afford effective assistance of Counsel, the COMMON GOOD Inalienable Right requires the government(s) to provide same." Pl.'s Mot. for Recons., Dkt. No. 37, at 15 (errors in original). Souter may claim as much, but the law clearly states otherwise.

Indeed, Souter already raised this argument in her objections to the Report and Recommendation of the magistrate judge. This court found her objection meritless, noting that "[t]he Constitution does not compel the appointment of counsel in civil cases." Lowery v. Bennett, 492 F. App'x 405, 411 (4th Cir. 2012) (per curiam) (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989)). Her most recent pleading provides no basis for amending that ruling. Souter first

---

[2] To the extent Souter is attempting to assert in her most recent pleading that she was improperly denied counsel in the state court civil contempt proceedings, such an issue is not properly raised on a Rule 59(e) motion in a Section 1983 case. The court notes that this not a 28 U.S.C. § 2254 proceeding. Furthermore, seeking "to overturn [an] injurious state-court judgment" in a federal district court is impermissible under the Rooker-Feldman doctrine. Skinner v. Switzer, 131 S. Ct. 1289, 1297 (2011). The same is true of Souter's allegation that the state court "converted" the civil contempt proceedings into criminal contempt proceedings.

asserts that this court ignored the Supreme Court's seminal decision in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963). The court is well-aware of the <u>Gideon</u> decision, which speaks to the right of criminal defendants to court-appointed counsel, <u>i.e.</u>, counsel at public expense. Souter's citation of <u>Gideon</u> provides no reason to reconsider the court's prior opinion, because it well-established law that <u>Gideon</u> does not provide her, a plaintiff in a civil lawsuit, with any right to counsel at public expense. <u>See, e.g.</u>, <u>Joyner v. Ozmint</u>, No. 3:09-CV-2524-DCN-JRM, 2010 WL 3783167, at *6 (D.S.C. Sept. 22, 2010) ("The constitutional right to court-appointed counsel for indigent defendants recognized in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963), does not extend to pro se litigants taking action in civil court for alleged injustices."), <u>aff'd</u>, 425 F. App'x 223 (4th Cir. 2011); <u>Barker v. Hardway</u>, 283 F. Supp. 228, 237 (S.D.W. Va. 1968) (<u>Gideon</u> does not apply to civil cases), <u>aff'd</u>, 399 F.2d 638 (4th Cir. 1968); <u>Spears v. U. S.</u>, 266 F. Supp. 22, 25 (S.D.W. Va. 1967) (citation omitted) (same).[3]

Next, Souter asserts that because the City of San Francisco provides for the appointment of counsel in civil cases, and because the State of California "tacitly approved of this," the Equal Protection Clause of the 14th Amendment to the United States Constitution requires that every state and federal court in the nation do so as well. This is flatly wrong. The federal government, the fifty states, and the innumerable local governments within them, all may provide to their citizens greater rights and privileges than the constitutional minimum. <u>Cf.</u> <u>Exford v. City of Montgomery</u>, 887 F. Supp. 2d 1210, 1227 (M.D. Ala. 2012) (emphasis original) (citing <u>Brigham City v. Stuart</u>, 547 U.S. 398, 409 (Stevens, J., concurring)) ("[T]he Constitution only establishes the *minimum* protections a State must provide its citizens. Put more simply, the Constitution creates a floor, not a ceiling, when it comes to protecting individual rights. This leaves the individual States free to provide *greater*

---

[3] The Supreme Court's decisions in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), are inapposite for the same reason: they also speak to scope of criminal defendants' right to effective assistance of counsel. They have no relevance to a civil litigant.

protections than those provided by the Constitution."). While it is well within the prerogative of local governments to provide counsel for indigent civil litigants, it does not follow that Souter is thus constitutionally entitled to taxpayer funded counsel in this federal civil lawsuit.

Souter also cites a portion of the Supreme Court's decision in Argersinger v. Hamlin, 407 U.S. 25 (1972). In Argersinger, the Court quoted the following passage from Powell v. State of Ala., 287 U.S. 45 (1932):

> Originally, in England, a person charged with treason or felony was denied the aid of counsel, except in respect of legal questions which the accused himself might suggest. At the same time parties in civil cases and persons accused of misdemeanors were entitled to the full assistance of counsel. . . .

407 U.S. at 30 (quoting 287 U.S. at 60). Souter asks when such a common law right was revoked for parties in a civil case. Even assuming Souter's apparent interpretation of this passage as noting a common law right to *court appointed* counsel in civil cases is accurate, it is irrelevant. Appointment of an attorney to represent an indigent civil litigant is governed in federal court by federal statute, to wit 28 U.S.C. § 1915(e)(1), not common law.

Regarding Section 1915(e)(1), Souter appears to assert that "exceptional circumstances" standard for requesting counsel pursuant to that Section is an impermissible judicial gloss contrary to congressional intent. See Pl.'s Mot. for Recons., Dkt. No. 37, at 15-16 (errors in original) ("[Y]ou state that the courts are instructed to exercise this power…etc., VERY IMPORTANTLY, did Congress that Wrote, and passed this statute, or did a court take it upon them selves to put an interpretation to filter its use on it not planned, desired or authorized by Congress??"). This argument is without merit. The plain text of 28 U.S.C. § 1915(e)(1) vests discretion in the judiciary. See id. (emphasis added) (The court *may* request an attorney to represent any person unable to afford counsel). Furthermore, this court is obligated to obey the decisions of higher courts. Garrett v. Bounds, 328 F. Supp. 1175, 1178 (W.D.N.C. 1971) (a district court "is constrained to follow the

[position of the] Court of Appeals[]").  As such, it must apply the "exceptional circumstances" standard articulated by the Fourth Circuit to aid district courts in exercising their discretion under Section 1915(e)(1).  See Lowery, 492 F. App'x at 411 (quoting Whisenant, 739 F.2d at 163) ("28 U.S.C. § 1915(e) does give the trial courts the power to 'request an attorney to represent any person unable to afford counsel.'  28 U.S.C. § 1915(e) (1996).  The courts are instructed to exercise this power 'only in exceptional circumstances.'"); Campbell v. Johnson, 465 F. Supp. 2d 597, 605 (E.D. Va. 2006) (citing Whisenant, 739 F.2d at 163) ("The Fourth Circuit . . . has limited the appointment of counsel to cases where 'exceptional circumstances' exist[.]"), aff'd as modified, 235 F. App'x 78 (4th Cir. 2007).  As stated in the court's prior Memorandum Opinion, such exceptional circumstances do not exist here.

In short, Souter's most recent pleading does not provide any reason why this court should alter or amend its prior judgment.  The motion will accordingly be denied by separate Order entered this day.[4]

The clerk is directed to send a copy of this Memorandum Opinion to the pro se plaintiff and to all counsel of record.

Entered:  May 23, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[4] In closing, Souter asserts that a "rewrite" of the court's opinion is necessary because "[w]hat is to be dismissed with prejudice is NOT explained not clearly stated."  Pl.'s Mot. for Recons., Dkt. No. 37, at 20 (errors in original).  As a general matter, it is not the role of the court to explain legal terminology.  However, given Souter's pro se status, the court notes that both the United States Courts website and the pro se handbook available on the Western District of Virginia's website provide a glossary of legal terms, including "dismissal with prejudice."  Both define "dismissal with prejudice" as a "[c]ourt action that prevents an identical lawsuit from being filed later."  See www.uscourts.gov/Common/Glossary.aspx; www.vawd.uscourts.gov/media/3177/prose_hdbk.pdf