CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 2 8 2014

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JULIA E. SOUTER,                        )
                                        )
                                        )
Plaintiff,                              )        Civil Action No.: 5:13cv00061
                                        )
v.                                      )
                                        )
COUNTY OF WARREN,                       )        By: Hon. Michael F. Urbanski
*a Political Subdivision of Virginia*, **et al.**,  )            United States District Judge
                                        )
                                        )
Defendants.                             )

## MEMORANDUM OPINION

This court previously entered an Order adopting in part the report and recommendation of

the magistrate judge and dismissing this case. Dkt. No. 35. Plaintiff Julia E. Souter, pro se, then

filed a pleading which she styled as "objections to final order and clarification thereof." Dkt. No.

37. The court construed this as a motion to alter or amend the court's judgment pursuant to Federal

Rule of Civil Procedure 59(e), colloquially referred to as a motion for reconsideration. That motion

was denied.

Souter has now filed what she styles as "Plaintiff's Objections to Errors and Ommissions

[sic]." This pleading does not come within twenty-eight days after the entry of judgment and

Souter's first motion for reconsideration was denied. Thus, her most recent pleading is properly

viewed a Rule 60(b) motion. See Rahmi v. Sovereign Bank, N.A., No. 3:12-CV-87, 2013 WL

1563676, at *2 (N.D.W. Va. Apr. 12, 2013). "Before a party may seek relief under Rule 60(b), a

party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing

party, and exceptional circumstances.'" Id. (quoting Dowell v. State Farm Fire & Cas. Auto. Ins.

Co., 993 F.2d 46, 48 (4th Cir. 1993)); see also Evans v. Legislative Affairs Div., ATF, No. 6:12-CV-

00641-JMC, 2013 WL 2635933, at *2 (D.S.C. June 11, 2013) (same), aff'd, 548 F. App'x 72 (4th Cir. 2013). Souter fails to meet this substantial hurtle. Instead, she reiterates her belief that she was unconstitutionally denied counsel at public expense in this civil case, accuses this court of bias, and asserts that this court ignored certain arguments she made in her prior motion.

The court has already fully addressed this first issue in two prior written opinions and will not rehash its analysis on Souter's asserted right to court appointed counsel in a civil case for a third time. As to the second issue, Souter claims that the court's description of her motion for reconsideration as "primarily consist[ing] of a blistering, stream-of-conscious polemic" evinces bias against her. It does not. The court is obligated to assess the pleadings before it and believes that the tone and content of Souter's pleadings speak for themselves. Finally, Souter asserts that this court ignored certain arguments she made about a state court's failure to appoint her counsel during related litigation. The court addressed these arguments in the second footnote of its prior opinion. See Mem. Op., Dkt. No. 38, at 2 n.2.

For these reasons, the Rule 60(b) motion will be denied. The clerk is directed to send a copy of this Memorandum Opinion to the pro se plaintiff and to all counsel of record.

Entered: August 27, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge